**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Irwin Union Collateral Inc., an Indiana corporation,<br><br>  Plaintiff/Counterdefendant,<br><br>v.<br><br>Peters & Burris, LLC, a Nevada limited liability company; Unlimited Holdings, Inc., a Nevada corporation; Vegas Managers, LLC, a Nevada limited liability company; David Sass Family Trust Dated 3/16/05, a Nevada Trust,<br><br>  Defendants/Counterclaimants. | No. CV 09-605-PHX-MHM<br>No. CV 09-606-PHX-MHM<br>(consolidated)<br><br>**ORDER** |

Currently before the court under case number CV 09-605-PHX-MHM is Defendants' Motion to Dismiss (Dkt.#8), Defendants' Application for a Determination of Fair Market Value Pursuant to A.R.S. § 33-814(A) (Dkt.#20), Plaintiff's Motion to Submit Heavily Redacted Settlement Agreement In Camera to Prevent a Fraud on the Court in Relation to Statements Made in the Pending Motion to Dismiss (Dkt.#21), Defendants' Counter Motion to Strike and Request for Protective Order (Dkt.#28), and Plaintiff's Motion to Defer Ruling on Defendants' Application for A Fair Market Value Hearing and for a Rule 16 Scheduling Hearing (Dkt.# 36). Similar motions are pending under case number CV 09-606-PHX-MHM, including Defendants' Motion to Dismiss (Dkt.#8), Defendants' Application for a Determination of Fair Market Value Pursuant to A.R.S. § 33-814(A) (Dkt.#20), Plaintiff's

Motion to Submit Heavily Redacted Settlement Agreement In Camera to Prevent a Fraud on the Court in Relation to Statements Made in the Pending Motion to Dismiss (Dkt.#21), and Defendants' Counter Motion to Strike and Request for Protective Order (Dkt.#26). Given that the cases have been consolidated under the lower case number (CV 09-605-PHX-MHM) as explained in the Court's Order on June 17, 2009 (Dkt.#37 in CV 09-605, Dkt.#31 in CV 09-606), the Court will discuss the pending motions using the docket numbering in CV 09-605 unless otherwise specified.

**I.      Background**

It appears that a loan was made, the borrower defaulted, and the underlying loan and loan documents were assigned to Plaintiff, who is Irwin Union Collateral. The Defendants in this action include the original borrower, Peters & Burris, LLC ("Peters & Burris") and the borrower's guarantors, Unlimited Holdings, Inc. ("UMI"), Vegas Managers, LLC ("Vegas Managers"), and the David Sass Family Trust dated March 16, 2005 (the "Trust"). (Dkt.#20 at 2) The loan was secured by a deed of trust on certain property owned by Defendant Peters & Burris in Pinal County, Arizona (the "trust property"). After the borrower defaulted, Plaintiff filed the instant action in Maricopa County Superior Court. The Court granted removal based on diversity. Plaintiff simultaneously sought to invoke the power of sale to dispose of the trust property via Trustee's Sale. The Complaint alleges an unpaid principal balance plus interest and late fees of $4,104,856.87.

The Trustee's sale of the trust property was conducted on April 21, 2009. Plaintiff purchased the property for its credit bid of $2,000,000. Plaintiff alleges that Defendants are jointly and severally liable for the deficiency of $2,104,856.87, the amount due less the purchase price of the Trust Property at the Trustee's Sale.

**A.      Defendants' Application for Determination of Fair Market Value Pursuant to A.R.S. § 33-814(A) (Dkt.#20)**

Defendants have applied for a determination of the trust property's fair market value as of April 21, 2009, the date the Trust property was sold. Defendants rely on Arizona's deficiency statute, A.R.S. § 33-814 to support their application. (Dkt.#20 at 3) Plaintiff

- 2 -

responded to this application by stating that it was willing to stipulate to the fair market value credit requested ($2,000,000), and argued that there was no need for argument or an evidentiary hearing as to the applicable credit. (Dkt.#30) Defendants' reply clarified that Defendants were seeking a hearing to determine fair market value because they plan to argue that the amount the property was sold for was below its fair market value, and pointed out that Plaintiff's response did not adequately address this basis for their request. (Dkt.#32)

Plaintiff then filed a Motion to Defer Ruling on Defendants' Application for a Fair Market Value Hearing and for a Rule 16 Scheduling Hearing. (Dkt.#36) This motion did not contest that Defendants were entitled to such a hearing, but rather argued that prior to any such evidentiary hearing, the Court should rule on the pending motion to dismiss, hold a Rule 16 Scheduling Hearing, and allow disclosure and discovery to take place. (Dkt.#36 at 1) Defendants do not respond to this motion, apparently conceding that disclosure and discovery should occur before the Court holds the fair market value hearing. LRCiv 7.2(I) (providing in part if the opposing party "does not serve and file the required answering memorandum, . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily").

Under A.R.S. § 33-814, it appears that Defendants are entitled to a determination of fair market value. As such, the Application for Determination of Fair Market Value Pursuant to A.R.S. § 33-814(A) (Dkt.#20) is granted. However, it similarly appears that such a hearing will not be useful until after the completion of some discovery. Therefore, the Court will also grant Plaintiff's Motion to Defer Ruling on Defendants' Application for a Fair Market Value Hearing." (Dkt.#36) The title of the motion is somewhat misleading; based on the relief sought, it would more properly be called a motion to defer the determination of fair market value rather than a motion to defer ruling on the application. To summarize, the Court will need to determine the fair market value of the property, but this determination will be deferred until after the close of discovery. The hearing and/or briefing schedule regarding the Court's determination of the property's fair market value will be scheduled during the Rule 16 scheduling conference.

**B.     Motion to Dismiss David Sass Family Trust (Dkt.#8)**

   **(I)     Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(6), the Court may grant a motion to dismiss only if the moving party demonstrates that the plaintiff cannot prove any claim entitling him or her to relief. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In making this determination, the Court must take all allegations of material fact as true and construe them in the light most favorable to the plaintiff. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). When ruling on a Rule 12(b)(6) motion to dismiss, the Court must normally convert the motion into a Rule 56 motion for summary judgment if it considers evidence outside the pleadings. Fed. R. Civ. P. 12(d). "A court may, however, consider certain materials – documents attached to the complaint, documents incorporated without reference to the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003).

Here, Defendants move to dismiss the David Sass Family Trust from this action, pointing out that the trust is not a legal entity, that it does not have the capacity to contract or take legal action on its own behalf, and that it has no capacity to sue or be sued. (Dkt.#8 at 1) Because of these facts, Defendants argue that the complaint fails to state a claim against the family trust. (Dkt.#8 at 1) Defendants further argue that because the trust does not have the capacity to contract, it could not have subjected itself to the jurisdiction of a court in Arizona. Finally, Defendants argue that the Statute of Frauds bars the enforcement of the Guaranty because it was not signed by the party to be charged (by the trust). (Dkt.#8 at 5)

Plaintiff responds to the Statute of Frauds argument by pointing out that Arizona's Statute of Frauds, A.R.S. § 44-101 *et seq.* merely requires that the contract be "in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorized." They point out that the Guaranty was in writing and signed by the person to be charged, Sandy Sass, as Trustee of the Sass Trust. (Dkt.#1 at 27 (Exh. C at 3); Dkt.#1 at 64 (Exh. L at 4)) Plaintiff further responds that the loan documents make it plain that the Sass Trust had

the capacity to do business in Arizona, that the Sass Trust explicitly represented (via its trustee) that it had "full power, right, and authority," to enter into the Guaranty at issue.

Federal Rule of Civil Procedure 17(b) governs choice of law issues related to a party's capacity to sue or be sued. For individuals, this capacity (or lack thereof) is determined by the law of the their domicile. Fed. R. Civ. P. 17(b)(1). For corporations, it is determined by the law of the jurisdiction in which the corporation is incorporated. Fed. R. Civ. P. 17(b)(2). For all other parties, it is determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b)(3). Here, since the trust is neither an individual nor a corporation, the law governing whether the Sass Trust has the capacity to sue or be sued is governed by Arizona law, the state in which this Court sits.

Neither party appears to have been aware of Rule 17(b), which may explain why neither party has cited controlling Arizona case law. Both parties appear to agree, however, that the vast majority of jurisdictions appear to favor the traditional rule that trusts lack the capacity to sue or be sued. (Dkt.#17 at 2; Dkt.#14 at 8) Attempting to carve an exception to this general rule, Plaintiff cites to the Restatement (Third) of Trusts § 2 (2003) and 12 Williston on Contracts § 35:78, claiming that there is a modern trend to tacitly recognize a trust as a legal "entity," under certain circumstances, however, neither of these treatises explicitly address the issue at hand, whether a trust has the capacity to be sued, or whether the suit must be against the trustee representing the trust.

Plaintiff also cites to City of Phoenix v. Garbage Services Co., 827 F. Supp. 600 (D. Ariz. 1993); however, this case fails to present the question of whether a trust has the capacity to sue or be sued under Arizona law and instead addresses the nature and extent of a trustee's liability under CERCLA (the Comprehensive Environmental Response, Compensation, and Liability Act). Plaintiff admits that the "more prevalent view" is that the *trustee* has the power to bind the trust. (Dkt.#14 at 8). Given the lack of Arizona case law that has been presented to this Court on the subject, it appears logical to assume that if an Arizona state court were presented with this issue, it would follow the vast majority of case law in other jurisdictions. See, e.g., Coverdell v. Mid-South Farm Equip. Ass'n, 335 F.2d

9, 13 (6th Cir. 1964) (holding that a trust must be sued through its trustees); George Bogert The Law of Trusts and Trustees § 712 (2009); Restatement (Second) of Trusts § 2.

Because it appears that a trust would lack the capacity to sue or be sued under Arizona law, the Sass Trust will be dismissed from this action. As Plaintiff's arguments demonstrate, the documents purportedly signed by the trust were not actually signed by the trust itself. A trust is inanimate and may only take action through its human representatives. The Guaranty appears to have been signed by "Sandra Sass, Successor Trustee of David Sass Family Trust." Thus, it is not technically correct to say that the trust signed several documents warranting that it had power and authority to enter into the contracts at issue. In reality, the *trustee*, acting on behalf of the trust, signed these document. Because of this fact, it does not appear unfair to require that a law suit against the trust proceed against the trustee for the trust in her representative capacity.

Somewhat creatively, Defendants also argue that this naming defect precludes this Court from having jurisdiction over the trust. If the trust itself has no ability to contract, sue, or be sued, it could not have availed itself of Arizona as a forum and thus this Court could not have attained jurisdiction over it. However, because the Court is granting the motion to dismiss the trust, the discussion regarding whether the Court has jurisdiction over the trust is moot.

Plaintiff has requested that if the motion to dismiss is granted, that the Court allow it to amend the complaint. A related portion of Rule 17, subsection (a)(3), provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." While this rule technically applies to the inverse of the current proposition ("a trustee may bring suit without naming the trust" as opposed to "no suits against a trust without naming the trustee"), the principle of this rule appears to apply to here. The purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R.

1  Civ. P. 1. For this reason, Plaintiff will be allowed to amend the complaint and name the
2  trustee of the Sass Family Trust as a defendant and secure service of process accordingly.

3  In their Reply, Defendants argue that the Guaranty is void against the Trustee as well.
4  However, Plaintiff has not had the opportunity to respond to this argument and the Court
5  declines to opine on an issue that is not presently before it. Plaintiff will be permitted to
6  amend the Complaint. Only if Plaintiff chooses to do so (and the Trustee subsequently
7  moves to dismiss the complaint) will this issue be fairly presented to the Court.

### C. Motion to Submit Heavily Redacted Settlement Agreement in Camera to Prevent a Fraud on the Court in Relation to Statements Made in the Pending Motion to Dismiss (Dkt.#21), Counter Motion to Strike and Request for a Protective Order (Dkt.#28)

Plaintiff seeks to submit a "heavily redacted settlement agreement" for *in camera* review in order to "prevent a fraud upon this Court." (Dkt.#21 at 1) Plaintiff appears particularly interested in drawing the Court's attention to a sentence that purportedly relates to the scope and authority of Ms. Sass to bind the Sass Trust to contracts as of May 12, 2009. (Dkt.#21 at 1) Plaintiff argues that this would not run afoul of Federal Rule of Evidence 408 (which generally prohibits the use of settlement agreements and offers to settle as evidence of liability) because it is "designed to advance the truth and the presentation of the truth" to this Court. (Dkt.#21 at 2)

Defendants respond by arguing that Plaintiff's proposal to submit the settlement agreement goes to the heart of the policies involved in Rule 408 – it is being offered in order to attempt to prove an admission (and hence, liability). (Dkt.#28 at 5) Defendants further argue that Plaintiff has not laid the required foundation to admit the proffered evidence.

Because the in camera review of the settlement agreement appears unnecessary, and given that it would potentially violate Rule of Evidence 408, the Court declines to review the heavily redacted settlement agreement, denies the Motion to Submit Heavily Redacted Settlement Agreement In Camera to Prevent a Fraud on the Court (Dkt.#21) and grants Defendants' Countermotion to Strike this motion (Dkt. #28). However, it does not appear that a protective order is necessary to prevent Plaintiff from disclosing, referring to, or using

the settlement agreement in this action. As such, to the extent that Defendants sought a protective order prohibiting such use, the Request for Protective Order (Dkt.#28) is denied.

### D. Duplicative Filings

As explained initially, this case was consolidated for all pretrial proceedings. Though the Court has been discussing the motions that were filed under case number CV 09-605, similar, if not identical, motions were filed and remain pending under case number CV 09-606. Because these motions present the same issues that are discussed above (and in fact appear to be exact duplications in many instances), there is no need to discuss them separately and they will be summarily termed.

Specifically, the Motion to Dismiss David Sass Family Trust that was filed under case number CV 09-606 at Dkt.#8. This motion (Dkt.#8), response (Dkt.#16), and reply (Dkt.#18) in the -606 case appear identical to motions in the -605 case that are discussed above, although they have slightly different docket numbers, with the -605 motion to dismiss being numbered at Dkt.#8, the response at Dkt.#14, and reply at Dkt.#18. Similarly, Defendants' Application for Determination of Fair Market Value Pursuant to A.R.S. § 33-814(A) (Dkt.#20) in the -606 case also appears to be a duplicate of Defendants' Application for Determination of Fair Market Value Pursuant to A.R.S. § 33-814(A) (Dkt.#20) in the -605 case. Finally, Plaintiff's Motion to Submit Heavily Redacted Settlement Agreement In Camera to Prevent a Fraud on the Court in Relation to Statements Made in the Pending Motion to Dismiss (Dkt.#21) in the -605 case appears to duplicate the same paper that was filed at Dkt.#21 in the -606 case. The response to this document, identified above as the Counter Motion to Strike and Request for Protective Order (Dkt.#28 in the -605 case) also appears identical to Dkt.#26 in the -606 case.

**Accordingly,**

**IT IS HEREBY ORDERED** granting Defendants' Application for Determination of Fair Market Value Pursuant to A.R.S. § 33-814(A) (Dkt.#20). The scheduling of the hearing and/or briefing regarding this determination will occur during the Rule 16 Scheduling Conference.

**IT IS FURTHER ORDERED** granting Plaintiff's Motion to Defer Ruling on Defendants' Application for a Fair Market Value Hearing." (Dkt.#36)

**IT IS FURTHER ORDERED** granting Defendants' Motion to Dismiss David Sass Family Trust (Dkt.#8) without prejudice to Plaintiff's amendment of the Complaint to include the Trustee of the Trust in her representative capacity.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Submit Heavily Redacted Settlement Agreement In Camera to Prevent a Fraud on the Court in Relation to Statements Made in the Pending Motion to Dismiss (Dkt.#21).

**IT IS FURTHER ORDERED** granting Defendants' Counter Motion to Strike (Dkt.#28).

**IT IS FURTHER ORDERED** denying Defendants' Request for Protective Order (Dkt.#28).

**IT IS FURTHER ORDERED** directing the Clerk of Court to term the following motions that remain pending under case number CV 09-606: (Dkt.#s 8, 20, 21, and 26).

**IT IS FURTHER ORDERED** that, as explained in the Court's Consolidation Order (Dkt.#37), all future filings for all pretrial matters should be filed under the lower case number CV 09-605 in order to prevent needless confusion and unnecessary duplication.

DATED this 21st day of December, 2009.

_____
Mary H. Murguia
United States District Judge